# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES E. PHILLIP, | Civil No. 17cv1356-JLS (BLM) |
| Petitioner, | **ORDER DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS WITHOUT PREJUDICE FOR LACK OF JURISDICTION** |
| vs. | |
| STATE OF CALIFORNIA, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, along with a request for judicial notice. (ECF Nos. 1, 2.) Petitioner challenges his 2009 conviction in San Diego County Superior Court case No. SCD218152, following a guilty plea, on four counts of pimping and three counts of pandering, for which he was sentenced to sixteen years in state prison. (ECF No. 1 at 2.) His sentence was enhanced under California's Three Strikes law following his admission that he had suffered prior convictions in 2003 for shooting at an unoccupied vehicle and being a felon in possession of a firearm. (*Id.* at 18.) Petitioner previously challenged that conviction and sentence in a § 2254 habeas petition filed in this Court on July 5, 2011, which was denied on the merits on April 15, 2013. (*See Phillip v. Trimble,* So. Dist. Ca. Civil Case No. 11cv1503-BTM (KSC), ECF Nos. 1, 45.) Petitioner also requests the Court take judicial notice of a June 8, 2015, state court

order which denied his Proposition 47 petition on the basis that his prior convictions were not eligible to be reduced from felonies to misdemeanors.[1] (ECF No. 2 at 7.)

## **JURISDICTION**

On July 5, 2011, Petitioner filed in this Court a Petition for a Writ of Habeas Corpus in which he challenged his conviction and sentence in San Diego Superior Court case No. SCD218152. (*See Phillip v. Trimble*, So. Dist. Ca. Civil Case No. 11cv1503-BTM (KSC), ECF No. 1.) On April 15, 2013, this Court denied the petition on the merits of the claims presented. (*Id.*, ECF No. 45.) Petitioner unsuccessfully appealed that determination. (*Id.*, ECF No. 53.) On May 14, 2014, Petitioner filed a Rule 60(b) motion for relief from judgment in this Court. (*Id.*, ECF Nos. 56–60.) On May 30, 2014, this Court construed that motion as a second or successive petition, and dismissed it without prejudice to Petitioner to re-file the petition after he obtained permission from the Ninth Circuit Court of Appeals to proceed with a second or successive petition. (*Id.*, ECF No. 61.) Petitioner unsuccessfully appealed that determination. (*Id.*, ECF No. 64.)

Petitioner is now challenging the same conviction and sentence he challenged in his prior habeas petition. In the current Petition he alleges: (1) his trial counsel was ineffective in failing to investigate and understand that his prior convictions did not constitute "strikes" under California's Three Strikes law, and acted under a conflict of interest, (2) he was induced to plead guilty through a misrepresentation that his prior convictions were strikes, (3) he was not adequately advised of his right to challenge his prior convictions, (4) the prosecutor committed misconduct regarding introduction of evidence of the prior convictions, and (5) his sentence is illegal because his prior convictions do not constitute strikes. (ECF No. 1, at 23–51.) In his previous habeas petition, Petitioner alleged that: (1) the trial court improperly found that his prior convictions constituted strikes, (2) he received ineffective assistance of counsel by trial

---

[1] Proposition 47, which became effective on November 5, 2014, reduced some drug-related and theft-related offenses which were designated as felonies or "wobblers," crimes punishable as either felonies or misdemeanors, to misdemeanors for qualified defendants, and permits the filing of a petition to recall a sentence to have felony convictions reduced to misdemeanors and the defendant resentenced. *See People v. Rivera*, 233 Cal. App. 4th 1085, 1091–93 (2015).

counsel's failure to investigate and understand that his prior convictions did not constitute strikes, and (3) he received ineffective assistance of appellate counsel due to counsel's failure to raise those claims on appeal. (Pet. at 13–24 in *Phillip v. Trimble*, So. Dist. Ca. Civil Case No. 11cv1503-BTM (KSC), ECF No. 1.)

A petition is second or successive if the claims presented were ripe for review at the time the first petition was filed, even if the petitioner was unaware of the existence of the claims. *United States v. Buenrostro*, 638 F.3d 720, 725 (9th Cir. 2011). A petition is not second or successive if petitioner did not have an opportunity to raise the claims when he filed his first petition. *Hill v. Alaska*, 297 F.3d 895, 898 (9th Cir. 2002).

Petitioner contends his claims are based on new facts which he could not have previously discovered. (ECF No. 1, at 13.) Even if that is true, claims challenging the same conviction and sentence he challenged in his prior petition are explicitly covered by the restrictions on second or successive petitions, and he must obtain authorization from the Ninth Circuit before this Court can consider his Petition. *See* 28 U.S.C. § 2244(b)(2)(B)(i) ("A claim presented in a second or successive habeas application under section 2254 that was not presented in a prior application shall be dismissed unless- (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence."); 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.") Because Petitioner has not received the necessary authorization to file a second or successive petition, this Court lacks jurisdiction over those claims. *See United States v. Lopez*, 577 F.3d 1053, 1061 (9th Cir. 2009) ("If the petitioner does not first obtain our authorization, the district court lacks jurisdiction to consider the second or successive application.")

Petitioner also requests the Court to take judicial notice of the June 8, 2015, state court order denying his Proposition 47 petition seeking to have the prior convictions which were used to enhance his sentence reduced from felonies to misdemeanors. (ECF

No. 2.)  The weight of authority appears to suggest that a claim challenging the denial of that petition is not second or successive because it could not have been brought in his earlier federal habeas petition, which was resolved before the passage of Proposition 47. *See e.g. Turner v. Muniz*, 2016 WL 3995155 at *5–6 (E.D. Cal. 2016) (unpublished memorandum) (collecting cases).

However, Petitioner does not present a claim challenging the denial of his Proposition 47 petition, which sought to reduce from felonies to misdemeanors the convictions which were used to enhance his current sentence (his 2003 convictions for shooting at an unoccupied vehicle in violation of Penal Code § 247(b), and being a felon in possession of a firearm in violation of Penal Code § 12021(a)(1)), as well as a 1997 felony conviction for corporal injury to a spouse in violation of California Penal Code § 273.5.  (ECF No. 2, at 3–4; *see also Phillip v. Trimble*, So. Dist. Ca. Civil Case No. 11cv1503-BTM (KSC), ECF No. 7-1, at 178–79.)

To the extent a liberal construction of the instant pleadings show that Petitioner is attempting to challenge the 2015 denial of his Proposition 47 petition to reduce his 1997 and 2003 prior convictions to misdemeanors, the Court lacks jurisdiction over any such claim unless Petitioner alleges he is in custody in "violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2254(a); *Bailey v. Hill*, 599 F.3d 976, 978 (9th Cir. 2010) (holding that the requirement that a habeas petitioner be "in custody in violation of the Constitution or laws or treaties of the United States" is jurisdictional.)  The Supreme Court has recognized that a state sentencing error can rise to the level of a due process violation. *See e.g. Richmond v. Lewis*, 506 U.S. 40, 50 (1992) ("Of course, the question to be decided by a federal court on petition for habeas corpus is . . . whether [a state law sentencing error] is so arbitrary or capricious as to constitute an independent due process or Eighth Amendment violation.") (internal citation and quote marks omitted).  Petitioner does not allege, even under a liberal construction of the Petition, that the state court arbitrarily determined that his prior convictions for violation of Penal Code §§ 273.5, 247(b) and 12021(a)(1) render him

ineligible for Proposition 47 relief. (*See* ECF No. 1, at 7.) Nor could he, because as the state court properly found (*see* ECF No. 2, at 3–4), those convictions are categorically ineligible for Proposition 47 relief. *See* Cal. Penal Code § 1170.18(a) (listing the crimes which are eligible for resentencing, not including corporal injury to a spouse, shooting at an unoccupied vehicle, or felon in possession of a firearm). Thus, even assuming Petitioner intended to raise a claim challenging the denial of his Proposition 47 petition, and assuming the claim is not second or successive, the Court lacks jurisdiction because Petitioner has not, and cannot, allege that, as a result of the denial of Proposition 47 relief, he is in custody in "violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2254(a); *Bailey*, 599 F.3d at 978.

Finally, there is no indication in the Petition that Petitioner is seeking to directly challenge his 2003 convictions for shooting at an unoccupied vehicle and being a felon in possession of a firearm, or his 1997 conviction for corporal injury to a spouse. It does not appear that Petitioner has ever filed a § 2254 habeas petition in this Court directly challenging those convictions, and therefore such a petition would not appear to be second or successive, although it would likely be untimely. *See e.g. Lackawanna Cty Dist. Attorney v. Coss*, 532 U.S. 394, 402-03 (2001) (precluding challenges to prior convictions used to enhance a current sentence when the prior conviction is no longer open to attack in its own right unless it was obtained without counsel); *Duncan v. Walker*, 533 U.S. 167, 176 (2001) (noting that a petitioner generally has one year from when his state conviction became final to file his federal petition, unless he can show that statutory or equitable "tolling" applies) (citing 28 U.S.C. § 2244(d)).[2]

---

[2] 28 U.S.C. § 2244(d) provides: (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgement or claim is pending shall not be counted toward any period of limitation under this subsection.

Thus, the current dismissal is without prejudice to Petitioner to file a separate habeas action, which will be given a separate civil case number, if he wishes to proceed with a direct challenge to his 1997 or 2003 convictions in this Court under 28 U.S.C. § 2254.

**CONCLUSION AND ORDER**

The Petition is **DISMISSED** for lack of subject matter jurisdiction.[3] The dismissal is without prejudice to Petitioner to file his Petition in this Court if he obtains the necessary order from the Ninth Circuit Court of Appeals. ***The Clerk of Court is directed to mail Petitioner a blank Application for Leave to File a Second or Successive Petition or Motion under 28 U.S.C. § 2254 together with a copy of this Order.*** The dismissal is also without prejudice to Petitioner to initiate a new habeas petition which will be given a new civil number if he wishes to challenge his 1997 or 2003 convictions.

The Court declines to issue a Certificate of Appealability because Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).

**IT IS SO ORDERED.**

Dated: August 1, 2017

Hon. Janis L. Sammartino
United States District Judge

---

[3] The Court also lacks personal jurisdiction over the Petition because Petitioner named "State of California" as Respondent. *See Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 895 (9th Cir. 1996) (noting that the proper respondent in a § 2254 habeas petition filed by a California prisoner is the Warden of the state correctional institution where the petitioner is confined or the Director of the California Department of Corrections and Rehabilitation.); *see also id.* at 894 (federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent). The Court would of course allow Petitioner the opportunity to cure that defect were he able to cure the lack of subject matter jurisdiction.